1

2

3

4                              **UNITED STATES DISTRICT COURT**

5                                    **DISTRICT OF NEVADA**

6

7    U.S. EQUAL EMPLOYMENT OPPORTUNITY              )
     COMMISSION,                                    )
8                                                   )     Case No. 2:07-cv-01195-RLH-PAL
                                                    )
9                                   Plaintiff,      )     **ORDER**
                                                    )
10   vs.                                            )     (M/Compel - Dkt. #113)
                                                    )     (M/Compel - Dkt. #115)
11   BILL HEARD CHEVROLET CORP.,                    )
                                                    )
12                                  Defendant.      )
     _____ )
13

14          This matter is before the court on Defendant Bill Heard Chevrolet Corporation's ("Defendant"

15   or "Bill Heard") Motion to Compel Production of Medical Expense Documentation (Dkt. #113) (the

16   "Medical Expense Motion"), Plaintiff U.S. Equal Opportunity Commission's ("EEOC") Response

17   (Dkt. #130), and Defendant's Reply (Dkt. #132), Defendant's Motion to Compel Production of

18   Questionnaire Response, or Alternatively, the Underlying Factual Information (Dkt. #115) (the

19   "Questionnaire Motion"), Plaintiff's Response (Dkt. #134), and Defendant's Reply (Dkr. #138).  The

20   court has considered the Motions, Responses, and Replies.

21                                        **DISCUSSION**

22   **I.      Background**

23           **A.      Procedural History**

24          The Complaint in this case was filed September 5, 2007 (Dkt. #1).  The EEOC claims the

25   Defendant subjected its employees to class wide sex harassment, sex discrimination, and retaliation.

26   The Complaint was originally brought on behalf of charging parties Kellie Prince and Amanda Hall and

27   a class of similarly situated individuals adversely affected by defendant's employment policies.  Eight

28   class members were initially identified, one of whom has passed away since this lawsuit was filed.

1   After the court granted a prior motion to compel, the EEOC mailed a sample letter and questionnaire to

2   employees of Defendant, asking for information relevant to this case and inviting them to join this

3   class action.

4        The parties have had four prior extensions of the discovery cutoff and case management

5   deadlines.  The court has heard and resolved numerous discovery disputes while this case has been

6   pending.  On February 2, 2009, the District Judge entered a Minute Order (Dkt. #75) setting this case

7   for trial September 16, 2009 and referred the matter to the undersigned to conduct a settlement

8   conference after the close of discovery.  A settlement conference is scheduled for Thursday, August 13,

9   2009.  On March 6, 2009, the parties submitted their fourth request to extend the discovery plan and

10  scheduling order deadlines and to continue the trial date (Dkt. #79).  The court was not persuaded that

11  the parties had been sufficiently diligent or established good cause for a fourth extension of the

12  discovery cutoff.  Additionally, the court conferred with the Chambers of the District Judge who was

13  not inclined to continue the trial date.  The court, therefore, granted the parties a **final** extension of the

14  discovery cutoff but required the parties to file dispositive motions and the joint pretrial order whether

15  or not the parties had received a ruling on any pending dispositive motions.  The Order gave the parties

16  until May 15, 2009 in which to complete discovery and set deadlines for filing dispositive motions, the

17  joint pretrial order, and the settlement conference ordered by the District Judge.  Notwithstanding this

18  Order, Defendant filed an additional motion to extend the discovery deadlines (Dkt. #86), which the

19  court denied, except that Defendant was permitted an additional two weeks to obtain written discovery

20  from and depose two additional class members.  On June 11 and 12, 2009, Defendant filed eight

21  summary judgment motions (Dkt. ##97-104).  On June 26, 2009, Defendant filed an additional motion

22  for summary judgment (Dkt. #111).

23        **B.**     **Factual History**

24             **1.**     **The Medical Expenses Motion**

25        On November 16, 2007, Defendant served its First Request for Production of Documents upon

26  the EEOC.  Request No. 8 sought all documents showing any damages suffered by the class members

27  allegedly caused by Bill Heard.  On March 6, 2009, the EEOC and Bill Heard were involved in

28  settlement negotiations, and the EEOC advised Bill Heard that Kadee Cinciarelli, Amanda Hall, Eva

1    Schneider, and Pam Shifflett (the "Charging Parties") had incurred medical expenses in various

2    amounts.  On March 10, 2009, Defendant asked the EEOC to supplement its response to Request No. 8

3    to include documents to substantiate the medical expenses claim.  The parties engaged in the meet and

4    confer process, exchanging letters and meeting in person.  They were unable to resolve their discovery

5    dispute on this matter, and the Medical Expense Motion followed.

6                    **2.      The Questionnaire Motion**

7          On April 9, 2009, Bill Heard learned that the EEOC was sending a questionnaire to potential

8    class members and former employees of Bill Heard.  On April 10, 2009, Bill Heard served Defendant's

9    Sixth Request for Production of Documents, which requested the copies of the questionnaire responses

10   and a sample of the questionnaire that was sent.  On April 16, 2009, Bill Heard also requested that the

11   EEOC supplement its responses to Interrogatories 7, 8, 9 to incorporate factual information received in

12   connection with the questionnaires.  On May 13, 2009, the EEOC responded by objecting that the

13   information sought was irrelevant, not reasonably calculated to lead to admissible evidence, and was

14   protected by the attorney-client privilege or the work product doctrine as privileged communications

15   with prospective class members.  The parties engaged in the meet and confer process, exchanging

16   letters and meeting in person.  They were unable to resolve their dispute on this matter, and the

17   Questionnaire Motion followed.

18                   **II.     The Medical Expense Motion (Docket #113)**

19         Defendant seeks to compel a response to its Request for Production of Documents No. 8

20   "Request No. 8").  Specifically, Defendant seeks documents relating to the medical expenses incurred

21   by the Charging Parties.  Defendant asserts that the EEOC has not produced documents to substantiate

22   the medical expenses incurred by the Charging Parties.  It asserts that, although this motion was filed

23   after the discovery cut-off and after dispositive motions were filed, it is not untimely because there was

24   no undue delay or prejudice to the EEOC.

25         Counsel for the EEOC asserts that it has produced all responsive documents prior to the filing

26   of this motion, and there are no additional medical records or medical bills in the EEOC's possession,

27   custody, or control.  The EEOC also argues that this motion is untimely because it was filed after the

28   close of discovery and after dispositive motions were filed.  The EEOC seeks sanctions because

1  Defendant's Medical Expense Motion seeks confidential information obtained from settlement

2  discussions.

3      In reply, Defendant asserts that the thirty specific Bates stamped pages referenced in the

4  Response were never produced, and Defendant never received any documents substantiating the

5  damage claims of the Charging Parties.  Defendant asserts that this motion does not disclose

6  confidential settlement discussions but merely seeks discovery on matters learned during the course of

7  settlement negotiations.

8      In Gault v. Nabisco Biscuit Company, 184 F.R.D. 620 (D. Nev. 1999), this court found that a

9  motion to compel should typically be filed before the dispositive motion deadline.  However, the court

10  also noted that neither the Federal Rules of Civil Procedure nor the Local Rules set any particular

11  deadline before which such motions must be filed, and the court must "establish a reasonable time for a

12  party to bring a motion to compel."  Id. at 622.  The court must also consider whether there was undue

13  delay in bringing the motion and whether the non-moving party would be substantially prejudiced by

14  having to respond.

15      Here, the EEOC was served with Request No. 8 on November 16, 2007.  Request No. 8 requests

16  "[a]ny and all documents that demonstrate that any Charging Party or Similarly-Situated Employee

17  suffered any damage as a result of Bill Heard's alleged actions."  Exh. 1 to Exh. A to Medical Expense

18  Motion.  When Bill Heard learned on March 6, 2009 that various Charging Parties had incurred

19  medical expenses in specified amounts, it requested that the EEOC supplement its response to Request

20  No. 8.  On April 27, the EEOC stated in an email to counsel for Bill Heard that it would supplement its

21  response to Request No. 8.  See Exh. 5 to Exh. A to Medical Expense Motion.  Under these

22  circumstances, the court finds that although this motion was filed after the discovery cutoff and after

23  dispositive motions were filed it was not untimely.  Pursuant to Rule 26(e)(1)(A) of the Federal Rules

24  of Civil Procedure, parties are under a continuing duty to supplement their responses to written

25  discovery.  The initial request and the request to supplement were both timely made, and Bill Heard

26  filed this motion only five days after receiving correspondence from the EEOC that there were no

27  additional documents to produce.  Therefore, there was no undue delay, and the EEOC has not been

28  substantially prejudiced by its filing.

1     However, the EEOC has repeatedly informed Bill Heard that all medical expense documents

2     have been produced.  In response to an e-mail from counsel for Bill Heard, counsel for the EEOC states

3     that it has produced all medical records in its possession, custody, and control.  See Exh. 8 to Exh. A to

4     Medical Expense Motion.  Moreover, the EEOC clarifies in its Response that there are also no medical

5     bills that remain to be produced.  See Response at 7:2-4.  The court accepts the representation of

6     counsel for the EEOC that it has produced all medical records and documents relating to medical

7     expenses, and the motion is therefore denied.  However, the EEOC will be precluded from offering any

8     exhibits, documents, documents, or testimony regarding medical expenses incurred by the Charging

9     Parties that were not produced to the Defendant.

10    ### III.    The Questionnaire Motion (Docket #115)

11    Defendant seeks an order compelling the EEOC to produce questionnaire responses it received

12    from prospective class members, or alternatively, the factual information contained in the responses.

13    Bill Heard argues that the questionnaires and/or factual information contained in them is relevant

14    because it relates to any harassment, discrimination, or retaliation–which is the basis of the Complaint

15    in this matter.  Defendant also asserts that even if the questionnaires themselves are privileged, the

16    underlying factual information provided must be produced to Bill Heard in response to its

17    Interrogatories.  Bill Heard also asserts that the Questionnaire Motion is not untimely because there

18    was no undue delay in requesting the information, and the EEOC would not be substantially prejudiced

19    by having to respond.

20    In response, the EEOC asserts that the Questionnaire Motion is untimely because it was filed

21    after the discovery deadline and after dispositive motions were filed.   EEOC argues also that the

22    questionnaires and the responses are protected from disclosure under the work product doctrine and/or

23    the attorney client privilege.  Last, EEOC states that Bill Heard has not established a substantial need to

24    for the questionnaires and responses.

25    With regard to the timeliness argument asserted by the EEOC, Defendant requested the EEOC

26    supplement its responses to Request for Production of Documents Nos. 1 and 2 and Interrogatories 7, 8,

27    9 within a week of learning that the questionnaires had been sent out.  As set forth above, there is no

28    deadline for filing a motion to compel set by the Federal Rules of Civil Procedure or the Local Rules,

1  and Bill Heard filed the Questionnaire Motion promptly after realizing that the issue would not be

2  resolved short of court intervention.  There was no undue delay in filing the Questionnaire Motion or

3  substantial prejudice to the EEOC.

4         With regard to the privilege arguments asserted, the EEOC is correct that the questionnaires

5  themselves are privileged under both the attorney-client privilege or the work product doctrine.  The

6  attorney-client privilege protects confidential communications between a client and his or her attorney.

7  See Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).  It protects all

8  communications, including "correspondence, bills, ledgers, statements, and time records which reveal

9  the motive of the client in seeking representation, litigation strategy, or the specific nature of the

10 services provided."  Id. (citing In re Grand Jury Witness (Salas & Waxman), 695 F.2d 359, 362 (9th

11 Cir. 1982)).  Courts have also applied this privilege specifically to communications between

12 prospective class members and EEOC counsel.  See Bauman v. Jacons Suchard, Inc., 136 F.R.D. 460,

13 462 (N.D. Ill. 1990).  Thus, the questionnaires themselves are protected under the attorney-client

14 privilege.

15        The work product doctrine announced in Hickman v. Taylor, 329 U.S. 495 (1947), and later

16 codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, protects "the mental impressions,

17 conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the

18 litigation."  Fed. R. Civ. P. 26(b)(3).  Here, the questionnaires were undisputedly prepared in

19 anticipation of litigation and are themselves protected by the work product doctrine.

20        However, "the attorney-client privilege does not prevent the disclosure [of] facts communicated

21 to an attorney, and the work product doctrine does not prevent the disclosure of facts communicated by

22 an attorney to a client that the attorney obtained from independent sources."  EEOC v. Caesars

23 Entertainment, Inc., 237 F.R.D. 428, 433 (D. Nev. 2006) (citing Upjohn Co. v. U.S., 449 U.SS. 383,

24 395-96 (1981); Hickman, 329 U.S. at 508).  Although the questionnaires and responses themselves are

25 protected from disclosure, the underlying factual information is not.  Defendant's Interrogatories 7, 8, 9

26 specifically ask for information about people with knowledge of the facts of this case concerning any

27 alleged discrimination, harassment, and retaliation and the substance of that knowledge.  Therefore,

28 because of the continuing duty to supplement responses to written discovery imposed by Rule

1   26(e)(1)(A), the EEOC is obliged to supplement its responses to Interrogatories 7, 8, and 9 with any

2   factual information it may have learned from the questionnaire responses.  Therefore, the Questionnaire

3   Motion will be granted in part and denied in part.

4   **IT IS ORDERED:**

5   1.   Defendant's Medical Expenses Motion (Dkt. #113) is **DENIED** as counsel for the

6   EEOC represents it has produced all responsive documents in its care, custody, or

7   control.  However, the EEOC will be precluded from offering any exhibits, documents,

8   or testimony evidencing the medical expenses of Kadee Cinciarelli, Amanda Hall, Eva

9   Schneider, and Pam Schifflet which have not been produced to Defendant.

10   2.   Defendant's Questionnaire Motion (Dkt. #115) is **GRANTED IN PART AND**

11   **DENIED IN PART** consistent with the provisions of this Order.  The EEOC shall

12   supplement its responses to Interrogatories 7, 8, 9 to provide any information not

13   previously provided on or before **August 28, 2009.**

14   Dated this 12th day of August, 2009.

16   PEGGY A. LEEN
17   UNITED STATES MAGISTRATE JUDGE